UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE E. KINSORA,                                  Case No. 09-11507

        Plaintiff,                              Nancy G. Edmunds
v.                                                  United States District Judge

COMMISSIONER OF                                     Michael Hluchaniuk
SOCIAL SECURITY,                                    United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES (Dkt. 18)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed claims for social security disability benefits on October 22, 2003, alleging that she became unable to work on March 1, 2001. (Dkt. 7, Tr. at 65E). The claim was initially disapproved by the Commissioner on February 23, 2004. (Dkt. 7, Tr. at 40). Plaintiff requested a hearing and on October 3, 2005, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Melvyn B. Kalt, who considered the case *de novo*. In a decision by the Appeals Council dated March 23, 2006, the ALJ found that plaintiff was not disabled. (Dkt. 7, Tr. at 29-39). Plaintiff requested a review of this decision on May 12, 2006. (Dkt. 7, Tr. at 66A). The Appeals Council granted plaintiff's request for review and remanded the case to an ALJ for further proceedings. (Dkt. 7, Tr. at 66D). A new

administrative hearing was held on September 20, 2007, at which plaintiff appeared with counsel before ALJ Kalt. In a decision by the Appeals Council dated January 16, 2008, the ALJ again found that plaintiff was not disabled. (Dkt. 7, Tr. at 13-22). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 9, 2009. (Dkt. 7, Tr. at 3C-5); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

On April 22, 2009, plaintiff filed suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G. Edmunds referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (Dkt. 3). Both parties filed motions for summary judgment, on which the undersigned issued a report and recommendation. (Dkt. 14). The undersigned recommended that plaintiff's motion for summary judgment be granted and that defendant's motion be denied. On March 31, 2010, Judge Edmunds adopted this recommendation, over defendant's objection, and remanded for further proceedings. (Dkt. 16, 17).

On November 24, 2010, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act and supporting affidavit. (Dkt. 18, 19). Defendant

filed a response on December 8, 2010. (Dkt. 20). On December 9, 2010, Judge Edmunds referred this motion to the undersigned for report and recommendation. (Dkt. 21). For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Co. Hosp.*, 2000 WL 658843, *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989); *see also Noble v. Barnhart*, 230 Fed.Appx. 517, 519 (6th Cir.

2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Comm'r, INS v. Jean*, 496 U.S. 154, 158 n. 6 (1990). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. 1997); *see also Couch v. Sec'y of Health and Hum. Serv.*, 749 F.2d 359, 359 (6th Cir. 1984); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161-162 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line-items.").

B.   Plaintiff's Argument

Plaintiff argues that the Commissioner's position was not substantially justified where the ALJ failed to address several of plaintiff's physical and mental limitations in his RFC and in posing the hypothetical question of the vocational expert. (Dkt. 18). Specifically, the ALJ's RFC and hypothetical question omitted the postural limitations set forth in the physical RFC assessment dated February 17, 2004 and the ALJ failed to explain why he discounted these limitations. In addition, the ALJ omitted the moderate limitation in the area of responding

appropriately to usual work situations and changes in a routine setting, as set forth in the state agency source statement dated October 24, 2007. (Dkt. 18). Again, the ALJ failed to include this limitation in his RFC and hypothetical question and failed to address why he discounted this opinion. Thus, according to plaintiff, the Commissioner's position is not substantially justified.

C.  Commissioner's Argument

According to the Commissioner, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position. *Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). "[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). The Commissioner submits that his administrative and litigation positions were substantially justified, and that plaintiff's application for fees under the EAJA must accordingly be denied.

Specifically, the Commissioner asserts that the ALJ considered and discussed the February 2004 opinion of the state agency physician that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours and sit 6 hours; frequently climb, kneel and crawl, and occasionally stoop and crouch. The ALJ stated that he relied on this opinion because it was

"relatively consistent with the objective medical evidence," but the ALJ never included the limitation of occasionally having to stoop or crouch in his RFC determination and in his hypothetical question to the VE.  (Tr. 19-21).  The ALJ determined that plaintiff could do light work with the ability to alternate between sitting and standing as needed, no forceful grasping or torquing motions, no repetitive use of the hands, and only 1-2-3 step operations.  (Tr. 21).  Significantly, if a claimant can stoop or crouch occasionally, the sedentary and light occupational base remains virtually intact.  *See* Social Security Ruling (SSR) 85-15.  The Commissioner points out that this Court is "mindful that SSR 85-15 states that so long as the individual can stoop and crouch occasionally, the base of sedentary and light jobs 'is virtually intact,' and as such, the ALJ's omission of these limitations from the hypothetical question would be harmless error at most."  *Tomasik v. Commissioner of Social Security*, 2010 WL 1981202, at *7 (E.D. Mich. 2010).  According to the Commissioner, in determining that plaintiff could do light work, plaintiff could occasionally stoop and crouch, and thus it was reasonable for the ALJ to not include those limitations in the hypothetical question.

     The Court also remanded this case because the ALJ did not explain why he disregarded the October 2005 opinion of Dr. Qadir, who completed a form assessing plaintiff's mental abilities.  (Tr. 364-65).  Specifically, the Court found the ALJ gave insufficient reasons for his finding that plaintiff had mild limitations

in social functioning. After examining plaintiff one time, Dr. Qadir checked off that plaintiff had a marked impairment in responding appropriately to supervision, coworkers, and work pressures. (Tr. 365). According to the Commissioner, the ALJ properly explained that Dr. Qadir's opinion was based on Plaintiff's subjective complaints. (Tr. 19, 361, 365). During that same examination, plaintiff told Dr. Qadir she lived with her father and two children with whom she got along well, and Dr. Qadir found plaintiff to be cooperative. (Tr. 361). In addition, plaintiff told another psychiatrist that she got along well with coworkers, family, neighbors and friends. (Tr. 228). Thus, it was reasonable for the ALJ to find plaintiff only had mild limitations in social functioning. The Commissioner asserts that, despite the Courts's conclusion for remanding this case, the ALJ's decision did not employ an improper methodology. While the ALJ did not connect all the dots in parts of his analysis and did not fully explain some of his findings, under the circumstances, the Court should have "no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been." *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006). In addition, the Commissioner argues that the fact that the ALJ failed to articulate that he considered some evidence does not necessitate a finding that the Commissioner's position was not substantially justified. *See Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). Based on all

these circumstances, the Commissioner argues that the ALJ's position was justified to a degree that could satisfy a reasonable person. And, because the ALJ's decision was substantially justified, it was also reasonable for the Government to defend the merits of the decision itself. *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

    D.    <u>Analysis and Conclusions</u>

"The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Commissioner of Social Security*, 1999 WL 1045072 at *4 (6th Cir. 1999); *see also Olive v. Commissioner of Social Security*, 534 F.Supp.2d 756, 760-61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"). "The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits .... This is not a case where the claimant presented overwhelming proof of disability." *Saal v. Comm'r of Soc. Sec.*, 2010 WL 2757554, *3 (W.D. Mich. 2010).

In the view of the undersigned, the errors for which this case was remanded relate primarily to a failure of articulation on the part of the ALJ and just as in *Saal*, this is not a case where overwhelming evidence of disability was presented. Rather, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position. *Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). "[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). The undersigned agrees with the Commissioner that his administrative and litigation positions were substantially justified, and that plaintiff's application for fees under the EAJA should be denied.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 18, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

 I certify that on April 18, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Joseph E. Houle, Judith E. Levy, AUSA, and Commissioner of Social Security</u>.

              <u>s/Darlene Chubb</u>
              Judicial Assistant
              (810) 341-7850
              darlene_chubb@mied.uscourts.gov